IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Richard P. Matsch

Criminal Action No. 92-cr-00273-RPM-1
Civil Action No. 12-cv-00755-RPM

UNITED STATES OF AMERICA,

v.

1.     EDWARD L. GATES,

    Movant.

---

## AMENDED ORDER DENYING 28 U.S.C. § 2255 MOTION

---

Mr. Edward L. Gates, acting *pro se*, has filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. The court will interpret the motion liberally because Mr. Gates is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court will not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the court will deny the motion as barred by the one-year limitation period set forth in 28 U.S.C. § 2255(f).

Mr. Gates pled guilty to one count of possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and one count of carrying a firearm during and in relation to the commission of a drug trafficking crime in violation of 18 U.S.C. § 924(c). He was sentenced on December 18, 1992, to the United States Bureau of Prisons for a term of eighty-seven months on the possession with intent to distribute count and a consecutive term of sixty months on the carrying of a firearm count. In the § 2255 motion, Mr. Gates claims he is innocent of using and

carrying a firearm based on the U.S. Supreme Court decision in *Bailey v. United States*, 516 U.S. 137 (1995).

Pursuant to § 2255(f), a one-year limitation period applies to motions to vacate, set aside, or correct a federal sentence.

> The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

To determine the timeliness of this action, the court must first establish when the one-year limitation period began to run. Pursuant to Fed. App. R. 4(b)(1)(A), Mr. Gates had fourteen days to appeal his conviction and sentence. Mr. Gates' conviction, therefore, was final on January 2, 1994, when the time for filing a direct appeal expired, even though he did not seek such review. *See United States v. Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000) ("[I]n the context of the AEDPA, § 2255's use of 'final' plainly means 'a decision from which no appeal or writ of error can be taken' . . . ."); Fed. App.

2

R. 26(a)(1)(C) (if last day is a legal holiday time period to appeal continues to run until the end of the next day).

Mr. Gates does not allege that he was prevented by unconstitutional governmental action from filing the instant action sooner, and does not allege that the facts supporting the claim or claims presented could not have been discovered through the exercise of due diligence. He does, however, attempt to assert constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review under *Bailey*.

On August 20, 1996, the Tenth Circuit held that *Bailey* is retroactively applicable. *See United States v. Barnhardt*, 93 F.3d 706, 709 (10th Cir. 1996). Subsequently, the Supreme Court reached the same conclusion on May 18, 1998. *See Bousley v. United States*, 523 U.S. 614, 621 (1998). Even taking the later of these two dates as the beginning of the limitations period applicable under § 2255(f), Mr. Gates should have filed a § 2255 motion by May 18, 1999. He failed to do so and now is barred from filing a § 2255 motion in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Generally, equitable tolling is appropriate if the movant shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling also may be appropriate if the movant is actually innocent. *See Gibson v. Klinger*, 232 F.3d

799, 808 (10th Cir. 2000). However, excusable neglect does not support equitable tolling. See id. Furthermore, in order to demonstrate he pursued his claims diligently, the movant must "allege with specificity 'the steps he took to diligently pursue his federal claims.' " Yang v. Archuleta, 525 F.3d 925, 930 (10th Cir. 2008) (quoting Miller, 141 F.3d at 978). Finally, a movant bears the burden of demonstrating that equitable tolling is appropriate in this action. See Miller, 141 F.3d at 977.

Mr. Gates fails to demonstrate either extraordinary circumstances or due diligence in pursuing his claims. He sets forth no argument to justify his failure to file the instant action in a timely manner.

Under certain circumstances, a claim of actual innocence may be a ground for equitable tolling of the one-year limitation period. See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). However, a "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." Schlup v. Delo, 513 U.S. 298, 324 (1995). To demonstrate actual innocence, a movant first must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." Id. A movant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. at 327.

Mr. Gates' claim of actual innocence is conclusory and lacking in any assertions of new reliable evidence. Therefore, the court finds that he fails to demonstrate this is one of those extremely rare cases where a constitutional error has caused the conviction of an innocent person.

4

The court finds and concludes that equitable tolling is not appropriate in this action, and the motion is time-barred on its face under § 2255(f). *See Kilgore v. Estep*, 519 F.3d 1084, 1089 (10th Cir. 2008); *Rubio-Diaz v. Milyard*, 272 F. App'x 656, 656-57 & n.2 (10th Cir. 2008). Even if the court had elected to have Mr. Gates respond and show cause why the motion should not be denied as barred by the one-year limitation, the response he provided does not support a finding for equitable tolling of the one-year time limitation.

Finally, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Gates files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the 28 U.S.C. § 2255 motion, filed on March 23, 2012, is denied with prejudice. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that no certificate of appealability will issue because movant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this 24th day of April, 2012.

BY THE COURT:

s/Richard P. Matsch

RICHARD P. MATSCH, Senior Judge

United States District Court